ANDREW CHARCHENKO *v.* CHARLES F. KELLEY,
COMMISSIONER OF MOTOR VEHICLES

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, JS.

Argued June 2—decided July 28, 1953

*Michael V. Blansfield,* with whom was *Irving W. Pasternak,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellee (defendant).

O'SULLIVAN, J. This case came to the Court of Common Pleas as an appeal from the action of the commissioner of motor vehicles in refusing to issue a certificate approving the plaintiff's premises on Hamilton Avenue, Watertown, as a proper location for repairing automobiles and for dealing in used cars. The court decided the matter on the transcript of proceedings before the commissioner and after personally viewing the premises. From the judgment dismissing the appeal, the plaintiff has appealed to this court.

The transcript discloses that evidence was submitted to the commissioner in support of the following facts: The plaintiff's family owns a large tract of land on the north side of Hamilton Avenue in the town of Watertown. The land is in a rural district and is located about a mile from the shopping center. On this tract the plaintiff has erected a one-story building, thirty feet wide and forty feet long. The structure is set back about fifteen feet from the highway. It is at this place that the plaintiff wishes to repair automobiles and to deal in used cars.

Hamilton Avenue has no sidewalks. There are about fifty children of school age living within one mile of the plaintiff's building. A school bus travels over Hamilton Avenue twice a day. Some of the children whom it transports are of kindergarten age. They are dismissed from school earlier than the others, and are accustomed to walk home accompanied by one of their parents. In doing so, they use the traveled portion of Hamilton Avenue in the neighborhood of the plaintiff's premises. The same part of the highway is also used by women pedestrians on their way to and from the shopping center, and by student athletes from a nearby boys' preparatory school when engaged in running exercises.

Hamilton Avenue is hilly and winding. It is between twenty-five and thirty feet wide and is surfaced with tar. During the winter season when snow is on the ground in quantity, the traveled portion of the highway ranges from eight to sixteen feet in width. On either side of this obviously country roadway are many shade trees, one of which obscures the driveway leading into the plaintiff's premises. A very short distance both to the east and to the west, the highway dips sharply downward and from the bottom of neither dip can the driveway be seen by an approaching motorist. The plaintiff's plans contemplate the towing of disabled cars over Hamilton Avenue to his repair shop.

Pursuant to § 2394 of the General Statutes, the plaintiff applied to the selectmen of the town for the approval of the premises as a location for his proposed business venture, and pursuant to § 2396, the selectmen requested the commissioner of motor vehicles to determine whether a certificate of approval should be granted. Following a hearing held as prescribed, to assist in the determination of that question, the commissioner refused to issue a certificate. It was from this refusal that the plaintiff appealed to the Court of Common Pleas.

Whether or not a location for repairing automobiles and for dealing in used cars should be approved is to be determined upon the basis of the situation actually existing when the certificate of approval is sought. The ultimate question before the commissioner was whether the proposed use would or would not " 'imperil the safety of the public.' " *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 153, 55 A.2d 909; General Statutes § 2393.[1] An inquiry to re-

---

[1] "Sec. 2393. LOCATION OF BUSINESS TO BE APPROVED. No place of business for the sale of . . . used motor vehicles . . . or repairing

solve this question involved a consideration of all relevant circumstances. Important among these were the general character of the neighborhood, the grades and the degrees of curvature on this winding and rolling highway, the existence of so-called blind spots at the nearest dips, interfering with good observation ahead for the approaching motorist, and the daily presence on the traveled portion of the highway of pedestrians, some of whom were of very immature years.

Whether the court agreed or disagreed with the commissioner's conclusion was not controlling. *Holley* v. *Sunderland,* 110 Conn. 80, 82, 147 A. 300; *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585, 145 A. 48. The court had no authority to substitute its own judgment for that of the commissioner. See *Bartram* v. *Zoning Commission,* 136 Conn. 89, 96, 68 A.2d 308. Indeed, the determination of the propriety of utilizing the plaintiff's premises as a location for his proposed business is an administrative matter which cannot be vested in the judiciary under the guise of an appeal. See *Jaffe* v. *State Department of Health,* 135 Conn. 339, 353, 64 A.2d 330. As on all appeals from strictly administrative agencies, the court could go no further than to decide whether the action of the commissioner, in refusing to issue the certificate of approval, was illegal, arbitrary or an abuse of discretion. *Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 261, 264, 22 A.2d 13.

The commissioner rested his decision on the ground that "Hamilton Avenue is a narrow, black

shall be established or maintained unless the person establishing or maintaining such place of business shall have procured from the commissioner of motor vehicles a certificate stating that, in the opinion of said commissioner, the location of such place of business would not imperil the safety of the public. . . ."

topped town road a large section of which is heavily wooded on both sides and travels over rolling country with sharp inclines and declines" and that "the location of a body shop and used car lot at this location will naturally increase the traffic over Hamilton Avenue, and . . . any increase in traffic would definitely imperil the safety of the public."

He thus applied the test prescribed by statute. His conclusion was one to which he might reasonably and logically have come in the light of the circumstances surrounding the use of the plaintiff's premises.

There is no error.

In this opinion the other judges concurred.