## Carl W. Nielsen et al. *v.* Zoning Board of Appeals of the City of Hartford et al.

King, C. J., Murphy, Alcorn, Comley and House, Js.

Argued April 14—decided June 5, 1964

*Elihu H. Berman,* for the appellants (plaintiffs).

*Howard J. Maxwell,* with whom was *W. Harmon Leete,* for the appellee (defendant The Salvation Army, Inc.); with him also were *Lucian E. Baldwin,* for the appellee (defendant Emhart Manufacturing Company), and, on the brief, *Joseph J. Burns,* assistant corporation counsel, for the appellee (defendant board).

COMLEY, J.  This case involves an application to the zoning board of appeals of Hartford for a variance in the use of a two-story, brick factory building at 333-363 Homestead Avenue which is owned by Emhart Manufacturing Company.  The building is in an industrial zone and may not, when used for an industrial purpose, be used as a residence for more than one family.  Hartford Zoning Ordinance § 38-18 (a) (11) (1960, as amended).

The owner had attempted unsuccessfully to sell the building for over two years.  The Salvation Army, which will be required to move from its present location on Trumbull Street because it is in the redevelopment area, has agreed to purchase the building on condition that a variance is granted which will permit it to use the second floor as a men's dormitory and the first floor as a workshop.

The board of appeals granted the variance on several conditions, including a prohibition against

loitering in front of the building, a requirement that outdoor recreational activities be conducted in the rear of the building, and a prohibition against the use of the dormitory facilities for transients or itinerants. The Court of Common Pleas upheld the rulings of the board, and the plaintiffs have appealed to this court.

The plaintiffs contend that the board lacked jurisdiction to grant the variance because it does not fall within any of the five cases listed in § 38-27 (5) of the zoning ordinance. This claim is without merit. It is true that the section in question refers specifically to five instances in which the board may authorize the issuance of permits by the bureau of licenses and permits where variances have been granted, but this is not a limitation on the general power of the board to grant variances which is set forth in the same section in the following language: "On petition, after public notice and hearing and subject to appropriate conditions and safeguards, [to] determine and vary the application of the regulations herein established in harmony with their general purpose and intent . . . . Such power shall be exercised only if there is difficulty or unreasonable hardship in carrying out the strict letter of this chapter and so that the spirit of the chapter shall be observed, public welfare and safety secured and substantial justice done." This portion of the zoning ordinance is a valid exercise of the power conferred by chapter 19, § 11, of the charter of the city of Hartford. 25 Spec. Laws 87, § 11; 28 Spec. Laws. 843, No. 641, § 6.

Approximately two days before the public hearing on the application, Henry R. Shiembob, a member of the board, received a telephone call from a person interested in the granting of the application.

The caller explained the predicament of the Salvation Army arising from its location in the redevelopment area and asked Shiembob to look over the Emhart property to see what he thought of it as a new location. The same person called Shiembob after the public hearing and again discussed the Salvation Army's plight. A friend of Shiembob called him after the public hearing, stated that he was speaking for the group opposed to the variance and asked him what he thought of the situation. By the date on which the variance was granted, at least four members of the board had viewed the Emhart building, two by virtue of the fact that they normally drove past the building daily. As a zoning board of appeals acts in a quasi-judicial capacity; *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 8, 68 A.2d 152; its individual members should carefully refrain from discussing privately with interested persons matters which are properly the subject of determination by the board. None of the activities by any member of the board in the instant case, however, constituted a private hearing of the issues within the meaning of *Low* v. *Madison,* 135 Conn. 1, 9, 60 A.2d 774. No member of the board was placed in a position whereby his personal interest might conflict with his public duty, thereby tending to weaken public confidence in the proper exercise of the zoning power. *Josephson* v. *Planning Board,* 151 Conn. 489, 493, 199 A.2d 690. We do not think that, on the record before us, the ruling of the board should be voided for impropriety although we strongly condemn the misguided zeal of those who sought to communicate with one of its members.

Section 38-27 (5) of the Hartford zoning ordinance provides that variances may be granted only where there is difficulty or unreasonable hardship

in the carrying out of the strict letter of the zoning regulations and where the public welfare and safety are secured. There was evidence before the board which tended to show that the Emhart building, although in an industrial zone, was no longer suited to industrial purposes because of its interior design. The property was for sale for over two years, it had been extensively advertised, over sixty-five prospective purchasers had viewed it, and not one offer to purchase was received prior to the offer of the Salvation Army. From this evidence, the board could reasonably conclude that the value of the property would be practically destroyed or greatly decreased by a strict application of the zoning regulations and that this would constitute an unreasonable hardship. *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 262, 121 A.2d 637; *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 52, 118 A.2d 894. The conditions, attached to the variance, restricting the persons who will be permitted to use the dormitory facilities and limiting outdoor recreation to the rear of the building are reasonably designed to ensure the public welfare and safety.

This variance will not substantially affect the comprehensive plan of zoning in the area and in the municipality; *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* supra, 259; or materially impair the effectiveness of the zoning regulations as a whole. *Libby* v. *Board of Zoning Appeals,* supra. The building is in an industrial zone where zoning regulations are designed primarily to protect the public health and safety, not to preserve the aesthetic appearance of the area. Other than the restriction involved in the instant case, all of the prohibitions listed in § 38-18 (a)

of the Hartford zoning ordinance concern the exclusion of industrial uses which would create health or safety hazards because of noxious odors generally emitted by such industries or the increased danger of fires or explosions. A variance which permits the Salvation Army to use a factory building for a workshop and dormitory will not create the hazards which the zoning regulations are designed to prevent in this area. Thus, this variance will not materially impair the effectiveness of the zoning regulations as a whole.

The trial court acted properly in refusing to permit the plaintiffs to introduce additional evidence. An appeal from a zoning authority should ordinarily be determined upon the record, and the court should hear evidence only when the record is insufficient adequately to present the issues on appeal or when some extraordinary reason requires it. *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 69, 157 A.2d 103; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 80, 103 A.2d 814.

The other assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.