WILLIAM HUNT *v.* BERNARD SHAPIRO, WELFARE
COMMISSIONER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-6811-15909

Argued May 5—decided June 27, 1969

*William T. Hunt,* of Norwalk, pro se, the appellant
(plaintiff).

*Robert K. Killian,* attorney general, and *Edmund
C. Walsh,* assistant attorney general, for the ap-
pellee (defendant).

KINMONTH, J. The plaintiff has appealed under
§17-2b of the General Statutes from the action of
the welfare commissioner in refusing to find him
eligible for medical assistance under § 17-134b of
the General Statutes. The plaintiff assigns error in
that the commissioner abused his discretion, in that
the plaintiff was denied due process of law, and in
that the statute is unconstitutional. The plaintiff
filed no brief and therefore under § 1019 of the Prac-
tice Book we need not consider his assignment of

errors. Inasmuch as the plaintiff appeared pro se we have decided, in the instant case, to consider the matter on its merits.

The essential facts are not in dispute. The plaintiff began receiving assistance for himself, his wife and two children on March 1, 1967. The case was reviewed and the assistance was discontinued February 29, 1968, as it was determined that the income was in excess of the standards for a family of four. The plaintiff requested a fair hearing, which was held. It was found and not disputed that in February, 1968, the family income totaled $5142 per year, while allowed income for a family of four under Title XIX, Social Security Amendments of 1965, 79 Stat. 343, as amended, 42 U.S.C. §§ 1396–1396g (Sup. IV, 1969), "Grants to States for Medical Assistance Programs," is $4400, and thus assistance was terminated. See General Statutes §§ 17-134a, 17-134b. The fair hearing was held as required by § 17-2a, and the transcript of the hearing together with the hearing decision constitutes the record in the trial court. Section 17-2b provides that "the findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive. The court, upon such appeal, shall determine whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion." Although there is no formal finding in the trial court, the court in its memorandum of decision, of which we may take cognizance, found that the commissioner's decision was a legal, fair and reasonable exercise of his discretion.

In appeals from the action of administrative agencies, the court can go no further than to decide whether the action of the agency was illegal, arbitrary or an abuse of discretion. *Charchenko* v. *Kelley,* 140 Conn. 210, 213. The court cannot sub-

stitute its judgment for that of the commissioner. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 96. "An appeal from an administrative act . . . is not a transfer of jurisdiction from the administrative body or official to a court and does not require the court on appeal to retry the case *de novo* for the purpose of determining whether it shall substitute its findings and conclusions for that of the administrative body or official, but is merely a process to determine whether the body or official has acted arbitrarily, or illegally, or has acted so unreasonably as to have abused its or his discretion. . . . Upon such an appeal the court does not make a determination upon its own independent judgment as to both law and fact . . . ." *Holley* v. *Sunderland,* 110 Conn. 80, 82; see *Jaffe* v. *State Department of Health,* 135 Conn. 339, 353. Thus, and under § 17-2b, the basic issue before us is whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion. The burden is on the plaintiff to prove that the action appealed from was arbitrary or illegal. *Hills* v. *Zoning Commission,* 139 Conn. 603, 608. The record indicates that the finding of the fair hearing officer was fairly based on substantial and competent evidence and was not arbitrary, unreasonable or illegal but was in accordance with the required standards, as concluded by the trial court. Section 17-134d provides that the commissioner shall make such regulations as are necessary. The regulations in the instant case merely implemented § 17-134b, which itself set out in detail financial eligibility for receiving medical assistance.

The questions of unconstitutionality and whether the plaintiff was deprived of due process of law are so general as to render a precise discussion of any clearly defined claim of infringement of his rights impossible. *State* v. *Griffiths,* 152 Conn. 48, 54. The

508

plaintiff makes a broad statement that the entire statute (Title XIX, Social Security Amendments of 1965, 79 Stat. 343, as amended, 42 U.S.C. §§ 1396–1396g (Sup. IV, 1969), is unconstitutional in that it does not have adequate standards, and that the standards do not permit change based on the cost of living. Title XIX is made a part of our statutes in chapter 302, part IV, entitled, "Medical Assistance Program." The question of constitutionality not having been raised in the trial court, we need not consider it. Practice Book §§ 652, 1023; cf. *State* v. *Vars,* 154 Conn. 255, 271. We have, however, examined the statute and conclude that the standards enumerated for carrying out the legislative policy are as clearly defined as the subject matter permits and are not unconstitutional as being arbitrary. *State* v. *Griffiths,* supra, 58. When a question of constitutionality is raised, the court presumes validity and sustains the legislation unless it clearly violates constitutional principles. The plaintiff has the burden of overcoming this presumption.

There is no error.

In this opinion Kosicki and Dearington, Js., concurred.