NANCY A. SMITH *v.* WELFARE COMMISSIONER

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 1-722-34562

Argued May 1—decided November 1, 1973

*Roger E. Koontz,* of Stamford, for the appellant (plaintiff).

*Robert K. Killian,* attorney general, and *Edmund C. Walsh,* assistant attorney general, for the appellee (defendant).

HAMILL, J.   On September 27, 1971, the plaintiff applied for public assistance under the aid to families with dependent children (AFDC).   She sought additional funds for child care service in order to retain her employment.   Her application was denied on October 12, 1971, owing to excessive income.   She was granted a "fair hearing," as required by § 17-2a of the General Statutes, on December 14, 1971.   Upon notification of a final decision by the hearing officer, the plaintiff appealed to the Circuit Court and her appeal was dismissed.

The plaintiff lives alone with her five children, ages two and one-half through fifteen, in a two and one-half bedroom apartment in Darien, Connecticut, renting for $240 per month.   Her food, clothing, personal and household supplies expenditures total $226.55 per month, and she is in debt for over $956 for hospital bills, child treatment, surgery, and medical insurance.   The plaintiff had maintained child care service in the past at a cost of $86.67 per

month, but discontinued it owing to a lack of necessary funds. Her gross income is $123 per week or $533 per month.

If an applicant's total need exceeds her net income (gross income minus expenses of employment) she is considered eligible for AFDC. 1 Welfare Manual, c. III, index No. 332.32 (rev. Nov. 8, 1971; effective Oct. 1, 1971).

The plaintiff's total need was determined to be $451.55 based on the sum of $225 for rental allowance and the $226.55 expense allowance previously mentioned. Necessary expenses of child care were not added to this total need figure because the plaintiff was not actually incurring this expense when she applied. Subsequent to this computation of the plaintiff's total need, her net income was computed to be approximately $473, as per the welfare regulations, which was arrived at by deducting a flat amount for work expenses of $60 per month from the gross income of $533 per month. Since this net income of $473 exceeded the plaintiff's total need of $451.55, she was denied AFDC assistance.

The plaintiff concededly needed $86.67 per month to pay for child care for her youngest child in order to maintain her employment. The decision of the fair hearing officer appealed from held that for child care to be considered part of the plaintiff's total need, thereby qualifying her for AFDC, she must actually spend the funds necessary to maintain this child care.

The plaintiff has assigned two errors, only one of which is pursued here. The issue we must decide, therefore, is whether the commissioner acted arbitrarily, illegally, or unreasonably so as to abuse his discretion in deciding that it was proper not to consider necessary expenses of child care in qualifying

people for the AFDC program. General Statutes § 17-2b (b); *Dempsey* v. *Tynan,* 143 Conn. 202, 206; *Hunt* v. *Shapiro,* 5 Conn. Cir. Ct. 505, 506.

The transcript of the fair hearing, together with the finding and conclusions of the fair hearing officer and of the trial court, and other documents relating to the matter, was filed with the pleadings and made a part of the record.

The fifth paragraph of the finding of the fair hearing officer reads, in part, as follows: "Had the appellant continued to maintain day care service at $20.00 per week ($86.67 per month) she would have been eligible, as total need would then be $553.22 . . . ."

Section 17-82d of the General Statutes establishes the basis for granting assistance and states, in part: "The commissioner shall grant aid only if he finds the applicant eligible therefor, in which case he shall grant aid in such amount, determined in accordance with levels of payments established by the commissioner, as is needed in order to enable the applicant to support himself, or, in the case of aid to dependent children, to enable the relative to support such dependent child or children and himself, in health and decency, including the costs of such medical care as he deems necessary and reasonable . . . ."

The applicable federal statute provides for an appropriation of federal funds "[f]or the purpose of encouraging the care of dependent children in their own homes . . . by enabling each State to furnish financial assistance and rehabilitation . . . to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maxi-

mum self-support and personal independence consistent with the maintenance of continuing parental care and protection." 42 U.S.C. § 601 (1970).

Another federal statute, setting forth the required standards, provides: "A State plan for aid and services to needy families with children must . . . (14) provide for the development and application of a program for such family services . . . as may be necessary in the light of the particular home conditions and other needs of such child, relative, and individual, in order to assist such child, relative and individual to attain or retain capability for self-support and care and in order to maintain and strengthen family life and to foster child development . . . ." 42 U.S.C. § 602 (a) (Sup. 2, 1972).

In *King* v. *Smith*, 392 U.S. 309, 325, it was held that the paramount goal of the AFDC program is to protect needy and dependent children. In *Doe* v. *Shapiro*, 302 F. Sup. 761, the court stated that the primary and inescapable obligation of participating states in AFDC is protection of needy and dependent children. The court in *Woods* v. *Miller*, 318 F. Sup. 510, in addressing itself to the purposes of the AFDC program, stated that the primary obligation of the program is to provide assistance to the family unit to encourage care of dependent children in their homes. Likewise, in *Doe* v. *Hursh*, 337 F. Sup. 614, it was held that protection of dependent children is the paramount goal of the aid to families with dependent children.

In light of the foregoing, the only reasonable interpretation of the statutes and cases is that, when an individual applies for aid, his needs are computed and compared to his earnings after the allowable deduction of expenses. If his needs are greater, he or she is eligible. There is no dispute in the present case that the plaintiff has a legitimate need

for $20 a week for child care while she works. To require her to pay this amount before applying for assistance in order to consider it a need is contrary to the thrust and import of the federal and state statutes and case law cited herein. Such reasoning finds its basis in a system of reimbursement. However, public assistance does not operate in this fashion. Rather, current needs are to be considered. The budget is computed for the following month and not to reimburse for the previous month. This is so because the paramount goal of the AFDC program is the protection of needy and dependent children. *King* v. *Smith,* supra. In fulfilling this duty, a state must be guided by the only two prerequisites for eligibility established by Congress—need and dependency.

In the present case, since there was no dispute as to the need for child care nor as to the amount required for child care nor as to the poverty of the plaintiff, her application should have been granted.

The defendant contends that we cannot review the decision of the trial court since no finding was made by the trial judge. This claim is not valid. In appeals from decisions of the welfare commissioner, the trial court makes no findings of fact. The function of the trial court and of this division is to review the transcript of the fair hearing, and the findings and conclusions of the fair hearing officer. General Statutes § 17-2b.

It is concluded that the action of the fair hearing officer, which was sustained by the Circuit Court, in denying the plaintiff's present application was illegal, arbitrary and in abuse of discretion. It is to the credit of the welfare commissioner that effective August 1, 1972, his policy was modified so that day care expenses would be anticipated and allowed where need was shown.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal and to refer the matter to the attention of the welfare commissioner for action consistent with this opinion.

In this opinion CIANO and SPONZO, Js., concurred.