[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from the action of the Zoning Board of Appeals of the Town of Wallingford in granting a variance to the defendants Roger and Claire Barbeau as to a parcel of land owned by them at 219 Church Street. The parcel in question is presently in an I-40 zone (industrial use) but contains a residential house and garage which became non-conforming when the zoning regulations were enacted in 1958. Section 5.1c of the Wallingford Zoning Regulations require buildings in an I-40 zone to comply with a rear setback requirement of 50 feet and a side setback requirement of 25 feet.
In their application for a variance the defendants, Barbeau seek permission to demolish and relocate the non-conforming garage and to erect a conforming building on the lot to the rear of the non-conforming residential structure. In connection with the new structure the Barbeaus' seek a variance of the above setback requirements to allow a rear setback of 10 feet where 50 feet is required and a side setback of 5 feet and 18 feet where 25 feet are required. As to the relocated garage the Barbeaus' seek a variance to allow a side setback of 7 feet where 25 feet are required.
The plaintiff is an aggrieved party by virtue of owning land which abuts the subject parcel. The plaintiff, in his appeal, claims that the Board in granting the application in question, acted illegally, arbitrarily and in abuse of its discretion in a number of respects. While the plaintiff claims that the Board acted improperly in various respects, upon receiving the briefs of the parties it appears that two main issues emerge.
The first issue is whether the Board, in permitting the demolition and relocation of the garage, is allowing an illegal expansion of an existing non-conforming use. Second, given the fact that the lot in question is presently being used for residential purposes, such use being nonconforming, was it improper for the Board to grant a variance to permit the addition of a conforming use on the property, i.e. the new garage without requiring that the existing nonconforming use be extinguished. In other words was the Board acting illegally in permitting a "mixed use" on the subject lot.
Before addressing the specific issues involved in the appeal, the court must consider not only the function of the Board in passing upon a request for a variance, but also the CT Page 4256 criteria to be utilized in doing so.
A zoning board of appeals is authorized to act upon an application for a variance by C.G.S. 8-6(3). In doing so, it is acting in a quasi-judicial capacity. Nielsen vs. Zoning Board of Appeals, 152 Conn. 120, 123 (1964). In deciding an appeal from the action of a zoning board of appeals, the court should not substitute its judgment for that of the board as long as an honest judgment has reasonably and fairly been made after a full hearing. Stankiewicz vs. Zoning Board of Appeals, 15 Conn. App. 729,732 (1983).
A zoning board of appeals has authority to grant a variance under C.G.S. 8-6(3) if the following two conditions are met: (1) the variance must be shown not to substantially effect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo vs Zoning Board of Appeals, 206 Conn. 352, 368 (1988). See Wallingford Zoning Regulations Section 9.1 H. P. IX-3.
It is within the general context that the court must determine the specific issues in this case. First, in permitting the demolition of the existing garage and permitting the construction of a new garage in a different location, such location requiring a side setback variance, did the Board allow an illegal expansion of a non-conforming use.
Section 6.13 of the Wallingford Zoning Regulations provides that "Non-conforming use of a building. . . may be continued, and any building so existing which was. . . devoted to a non-conforming use may be reconstructed and structurally altered. . ." The record is unclear as to whether the new non-conforming garage is substantially different in size than that which is to be demolished. While the new non-conforming garage requires a sidelot variance, the new garage is farther from the actual border of the property than is that which is to be demolished.
Whether the reconstruction of the non-conforming garage was an illegal expansion of a non-conforming use is essentially a question of fact. Helicopter Associates, Inc. vs Stamford, 201 Conn. 700, 716 (1986). On the issue of the illegality of any expansion of the non-conformity, the plaintiffs bore the burden of proof. Cummings vs Tripp,204 Conn. 67, 95 (1987). The determination of factual issues are matters within the province of the administrative agency. CT Page 4257 Feinson vs Conservation Commission, 180 Conn. 421, 425 (1980). This court will not substitute its judgment for that of the defendant Board with respect to the first issue, i.e. whether the Board permitted an illegal expansion of a non-conforming use.
The second issue to be resolved is whether the Board acted illegally in granting the variance so as to permit the erection of a new "conforming" structure on the premise while the owners thereof continued the non-conforming residential use thereon. There appears to be no dispute that if the lot in question were vacant its dimensions are such that a sidelot variance would be appropriate. Application of the setback regulations to the lot in question would require that any structure erected thereon be only fifteen feet wide. Dimensions of a lot which practically eliminate its suitability for building purposes when setback requirements are applied do provide a valid basis for the granting of a variance. See Chevron Oil Co. vs Zoning Board of Appeals, 170 Conn. 146
(1976).
The plaintiff seeks to distinguish the Chevron Oil Co. case, however, by arguing that the lot owners are making reasonable use of their property for residential purposes and thus the Board cannot grant the variance in question so as to permit a conforming use of the lot while at the same time allowing the continuation of the non-conforming residential use. The court cannot, however, find anything in the Wallingford Zoning Regulations which prohibit a "mixed" use under circumstances such as these, nor has the plaintiff provided any case law holding that such "mixed" use is illegal per se. Indeed, if the plaintiff's argument in this respect were followed to its logical conclusions, the owners of the lot in question could not erect the "conforming" building even if setback variances were not necessary. The issue then becomes whether the Board acted within its discretion and for proper reasons in granting the variance in question. The Board stated as its reasons: "To compensate for an irregularity of the land. . . without altering the character of the neighborhood." Section 9.1(H) of the Wallingford Zoning Regulations provides:
 "Varances. Where by reason of exceptional narrowness. . . or unusual condition of a specific property, and not common to the surrounding area as a whole, and where the strict application of the requirements or limitations of any district would result in peculiar and undue hardship upon the use of the property, as contrasted with merely granting an advantage or convenience, the regulations may be CT Page 4258 varied."
The Board presumably found hardship in the fact that the width of the parcel would only permit a building fifteen feet wide if the setback variance was not granted. The plaintiff claims that such hardship is negated by the fact that the property is being used for residential purposes. Section 9.1(H)(1)(a) provides that the Board before granting a variance must consider, among other things, "That if the owner complies with the provisions of these regulations, he would not be able to make any reasonable use of his property.
The Board had before it evidence of the industrial nature of the area which had at one time been devoted to residential use. This court cannot find that the Board could not reasonably have determined in light of the changing character of the neighborhood, that use of the parcel, solely for residential purposes, was not the type of "reasonable use" which in and of itself should preclude the granting of the variance. Therefore, the court does not find that the Board abused its discretion in finding the necessary hardship to grant the variance.
Furthermore, since the variance in question is to permit the construction of a building for a conforming use, it would appear that such variance would not substantially affect the comprehensive zoning plan.
For the above reasons the appeal is dismissed.
Thompson, J.