[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Diane Ortiz, appeals the decision of the defendant, the Zoning Board of Appeals of the City of Bridgeport (Board), which granted the defendant Michael Kollman d/b/a Top Cat Auto Service (Kollman) a variance to use property as motor vehicle licensed premises in a B-residence zone. A motor vehicle licensed premises is not a permitted use in a B-residence zone.
Variances for this property were sought three times before Kollman applied for the present variance. Michael Burgess d/b/a Mike's Auto Shop filed a petition for a variance on April 6, 1992. This variance sought "to permit the establishment of a motor vehicle licensed premises in a B-residence zone" and also sought, pursuant to General Statutes § 14-54[1], "a certificate of approval of location for a general repairer's license to permit the general repair of motor [vehicles] in connection with an existing industrial building." On May 12, 1992, the Board approved this application on the ground that "[t]he proposed use is consistent with the prior established use of the subject site which involved the maintenance repair of buses."[2]
Kollman filed a petition for a variance on September 9, 1993. This variance sought "to permit the establishment of a motor vehicle licensed premises in a B-Residence zone" and also sought, pursuant to General Statutes § 14-54, "a certificate of approval of location for a used car dealer license to permit the display, sale, repair of used motor vehicles in connection with an existing commercial building." On October 20, 1993, the Board denied this application on three grounds: "1. The Petitioner failed to present an exceptional difficulty or unusual hardship owing to conditions directly affecting this parcel of land. 2. The use as proposed would result in the overuse of the subject premises. 3. The conduct of the business which was proposed to include on-street parking of cars under tow operated 24 hours a day would result in a public nuisance." On January 11, 1994, the board voted to grant a rehearing on the denial of this application. The disposition of that rehearing is not reflected in the record.
On January 24, 1994, Kollman filed a second petition for a variance. This variance sought to "[w]aive regulation prohibiting CT Page 12356 the establishment of a motor vehicle licensed premises in a B-Residence zone" and also sought, pursuant to General Statutes § 14-54, "a certificate of approval of location for a used car dealer license to permit the display, sale, repair of used motor vehicles in connection with an existing commercial building." On February 23, 1994, the board denied this application on the ground that "[t]he Petitioner failed to present an exceptional difficulty or unusual hardship owing to conditions directly affecting this parcel of land."
The present appeal concerns the application for a variance that Kollman filed on June 17, 1994. This variance sought to "[w]aive regulation prohibiting the establishment of a motor vehicle licensed premises in a B-Residence zone" and also sought, pursuant to General Statutes § 14-54, "a certificate of approval of location for a general repairer's license to permit the general repair of motor vehicles in connection with an existing industrial building." On August 9, 1994, the board granted a variance for the property, subject to certain conditions, which are not relevant to this appeal. The board assigned three reasons for its approval.[3]
On September 12, 1994, Ortiz filed the present appeal. Ortiz claims that the Board acted illegally, arbitrarily, and in abuse of its discretion in granting Kollman's application for a variance.
Ortiz owns property located at 41 Sage Avenue which is within 100 feet of the property for which a variance was granted by the board. Therefore, Ortiz is aggrieved pursuant to General Statutes § 8-8 and has standing to maintain this appeal.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established. . . . `Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs.' (Citations omitted; internal quotation marks omitted.) Whittaker v. Zoning Board ofAppeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980)." Bloom v.Zoning Board of Appeals, 233 Conn. 198, 205-206, 658 A.2d 559
CT Page 12357 (1995).
 I
At the outset it is appropriate to address the plaintiff's claim that the board acted illegally in granting the plaintiff's application for a variance because it had previously denied similar applications with respect to the same property.[4] The Supreme Court has "often said that a zoning board of appeals acts in an administrative capacity. Florentine v. Darien, 142 Conn. 415,425, 115 A.2d 328; Executive Television Corporation v. ZoningBoard of Appeals, 138 Conn. 452, 455, 85 A.2d 904. As a general rule, an administrative tribunal, such as a zoning board of appeals, is not permitted to reverse itself unless a change of circumstances intervenes which materially affects the merits of the case. Sipperley v. Board of Appeals on Zoning, 140 Conn. 164,167, 98 A.2d 907 [(1953), overruled on other grounds,Fioilla v. Zoning Board of Appeals, 144 Conn. 275, 279,129 A.2d 619 (1957)]. This requirement deters the exertion of improper influences and lends finality to the board's decisions. Fiorillav. Zoning Board of Appeals, 144 Conn. 275, 279, 129 A.2d 619
[1957]." Rocchi v. Zoning Board of Appeals, supra, 157 Conn. 111. "The principle applies, however, only when the subsequent application seeks substantially the same relief as that sought in the former. And it is for the administrative agency, in the first instance to decide whether the requested relief in both applications is substantially the same. Its determination will be disturbed only if its discretion was abused." Fiorilla v. ZoningBoard of Appeals, supra, 279.
The record reflects that the board gave much consideration to the claim that it could not grant the instant application because it had denied other applications for variances filed by Kollman earlier in 1994 and in 1993. In granting the instant application the board necessarily concluded that it was not substantially similar to those it had denied because this application did not seek a variance for a used car business. Cf. New Britain v.Connecticut State Board of Mediation and Arbitration, 178 Conn. 557,563, 424 A.2d 263 (1979). The board did not abuse its discretion in so finding. Fiorilla v. Zoning Board of Appeals, supra, 144 Conn. 275. Thus, the plaintiff, who bears the burden of showing that the two earlier denials by the board foreclosed consideration of the present application, has failed to establish that the same relief was sought in the present application.Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368, CT Page 12358537 A.2d 1030 (1988); see also Rocchi v. Zoning Board of Appeals, supra,157 Conn. 112; Malmstrom v. Zoning Board of Appeals, 152 Conn. 385,391, 207 A.2d 375 (1965).
 II
"Variances are, in a sense, `the antithesis of zoning.' T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992), p. 124."Simko v. Ervin, 234 Conn. 498, 505, ___ A.2d ___ (1995). "A variance constitutes permission to act in a manner that is otherwise prohibited under the zoning law of the town." Bloom v.Zoning Board of Appeals, supra, 233 Conn. 206. The Superior Court reviews the decision of the zoning board of appeals to determine whether the decision was not arbitrary, illegal or an abuse of discretion. Id., 205. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Id.
General Statutes § 8-6 authorizes "a zoning board of appeals to grant a variance only when two basic requirements are satisfied: `(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'" Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207.
"In order to determine whether the board properly granted the subject variance, [a court] must first consider whether the board gave reasons for its action. . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action. (Citations omitted; internal quotation marks omitted.) Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 208. CT Page 12359
The record states that "[t]he `Board' assigned the following reasons for its action: 1. The subject site has had a history of motor vehicle related activities 2. there has been no substantial change in the immediate area since the prior 1992 approval for a General Repairer's License at this location. 3. A motor vehicle related activity is the highest and best use of the subject premises."
The first reason assigned by the Board, that "[t]he subject site has had a history of motor vehicle related activities" is fairly referable to the requirement that the variance would not affect substantially the comprehensive zoning plan. The record reflects that forty years earlier, the subject property was used as a parking garage for buses. Later, it was used for storage for a moving company. Moreover, there are three body shops, including one of which the plaintiff's husband is a principle, in the same area. The record supports the board's finding that the variance would not substantially affect the comprehensive zoning plan.
However, the board neither found, nor does the record reflect, that adherence to the strict letter of the zoning regulations would cause unusual hardship. "Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a variance." Bloom v.Zoning Board of Appeals, 233 Conn. 207-208. "In order to justify a variance, the hardship must differ from the conditions that generally affect the property owners in the same area and it must arise from circumstances beyond the control of the property owner seeking the variance. . . . The hardship must originate in the regulation or ordinance and arise from the application of the regulation or ordinance to the subject property. . . . Financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purposes of the zoning plan." Id., 233 Conn. 209-210.
None of the three reasons for granting the variance assigned by the board "meets the hardship test." A.M.S. Corporation v.Zoning Board of Appeals, 152 Conn. 327, 329 (1965) (that zone was conducive to requested use, adjoined a railroad right of way and would not be detrimental did not support granting of variance); see also Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372, CT Page 12360537 A.2d 1030 (1988) (that use already permitted does not warrant granting of variance); Carini v. Zoning Board of Appeals,164 Conn. 169, 319 A.2d 390 (1972), cert. denied, 414 U.S. 831,94 S.Ct. 64, 38 L.Ed.2d 66, reh. denied, 414 U.S. 1087 (1973) (variance for rooming house properly denied despite claim that such use had existed de facto for many years); Laurel Beach Assnv. Zoning Board of Appeals, 166 Conn. 385, 387, 349 A.2d 834
(1974) (highest and best use not controlling in determination of variance); Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 383,311 A.2d 77 (1972)(same); Heady v. Zoning Board of Appeals,139 Conn. 463, 465, 94 A.2d 789 (1953) (same). While the neighborhood in the area of the subject property does contain three automobile-related uses, the record does not reflect that this is a case, like Willard v. Zoning Board of Appeals, 152 Conn. 247,206 A.2d 110 (1964), where the residential nature of the zone has been vitiated by nonconforming uses and variances. Nor is this a case like Adolphson v. Zoning Board of Appeals, 205 Conn. 703,535 A.2d 808 (1988), where an existing nonconforming use is being reduced to a less offensive use. Nor is this a case where the property had been marketed for sale for a substantial period of time without success. See Nielsen v. Zoning Board of Appeals,152 Conn. 120, 124, 203 A.2d 606 (1964); Culinary Institute ofAmerica, Inc. v. Board of Zoning Appeals, 143 Conn. 257, 259,262, 121 A.2d 637 (1956); Libby v. Board of Zoning Appeals,143 Conn. 46, 49, 118 A.2d 894 (1955). Neither is there evidence in the record of any unusual topographical, soil or drainage conditions which would render the land inappropriate for residential use. See e.g., Goldreyer v. Board of Zoning Appeals,144 Conn. 641 (1957). Such circumstances may or may not exist, but they are not reflected in the record. "This case must be decided on the record." Augeri v. Planning Zoning Commission,24 Conn. App. 172, 179, 586 A.2d 635 (1991).
As observed supra, two years before the board granted the plaintiff the variance at issue here, a prior applicant soughtand received a variance for the same use as that sought by the plaintiff. "By its very definition, a variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner but by all subsequent owners. 2 Anderson, American Law of Zoning 14.29, p. 662. It follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. " Garibaldi v.Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972). Indeed, at the time of the plaintiff's application to board in CT Page 12361 this case, General Statutes § 8-6(b) provided, as it does today, that "[a]ny variance granted by a zoning board of appeals shall run with the land and shall not be personal in nature to the person who applied for and received the variance. A variance shall not be extinguished solely because of the transfer of title to the property or the invalidity of any condition attached to the variance that would affect the transfer of the property from the person who initially applied for and received the variance." However, existing case law suggests that the fact that a variance is unnecessary does not warrant its issuance if the two-tiered requirements for the granting of a variance are not satisfied.Grillo v. Zoning Board of Appeals, supra, 206 Conn. 368, 372 ("if the use for which a variance is sought is permitted by the regulations, the variance cannot be granted." [footnote omitted.]). Thus, where, as here, the same variance has already been granted, a subsequent applicant is not entitled to go before the board to get his ticket punched. For this reason, and because this "record is devoid of any evidence to support a finding that there existed any unnecessary hardship or practical difficulties affecting the premises in question"; Nash v. Zoning Board ofAppeals, 165 Conn. 576, 577, 423 A.2d 90 (1973); the appeal from the granting of a variance is sustained.
 III
The board's approval of Kollman's application for approval of location for a general repairer's license, pursuant to General Statutes § 14-54[5] stands on different footing. A prior variance had been granted for such a use and the terms and conditions of that variance did not foreclose the granting of the plaintiff's application pursuant to § 14-54. Compare PleasantView Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 268-271, 588 A.2d 1372 (1991).
"When considering the plaintiff['s] application for approval of a certificate of location for its motor vehicle repair facility, the zoning board of appeals acted as a special agent of the state. Mason v. Board of Zoning Appeals, 143 Conn. 634, 637,124 A.2d 920 (1956); see also New Haven College, Inc. v. ZoningBoard of Appeals, 154 Conn. 540, 542, 227 A.2d 427 (1967) (zoning board of appeals acts as a special agent of the state when considering a certificate of approval for location of a gasoline station under General Statutes 14-322). When receiving, hearing and eventually deciding whether to grant the application, the zoning board of appeals does not act pursuant to either the municipal CT Page 12362 zoning ordinance or the zoning statutes. Mason v. Board of ZoningAppeals, supra. Thus, the zoning board of appeals does not act as the `voice of the people,' . . . . Rather, it acts in a special capacity, serving as the local agency `named by the General Assembly to determine whether a certificate of approval should be issued' for a motor vehicle repair facility. Id.
"As an agent of the state, the zoning board of appeals must follow the statutory criteria in determining whether to issue the certificate of approval. Id. General Statutes 14-55
sets forth the criteria to be followed by an agency when making its decision. The zoning board of appeals cannot grant a certificate until the application `has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway, and effect on public travel . . . .' General Statutes14-55." Vicino v. Zoning Board of Appeals, 28 Conn. App. 500,504-505, 611 A.2d 414 (1992). "Whether or not a location for . . . dealing in used cars should be approved is to be determined upon the basis of the situation actually existing when the certificate of approval is sought." Charchenko v.Kelley, 140 Conn. 210, 212, 98 A.2d 915 (1953).
"Because the zoning board of appeals acts as a special agent of the state in issuing certificates of approval, the trial court's scope of review of the zoning board of appeals' decision is governed by the Uniform Administrative Procedure Act, General Statutes 4-183(j)(5). See New Haven College, Inc. v. Zoning Boardof Appeals, supra, 543-44. General Statutes 4-183(j)(5) mandates that the trial court `shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.' An administrative agency can find that substantial evidence exists if `the administrative record affords a substantial basis of fact for which the fact in issue can be reasonably inferred.' (Internal quotation marks omitted.)Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580,601, 590 A.2d 447 (1991). Substantial evidence exists when the evidence is sufficient for a trial court to deny a directed verdict if the trial had been brought before a jury to decide a CT Page 12363 question of fact. Lawrence v. Kozlowski, 171 Conn. 705, 713,372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed.2d 1066 (1977); Tanner v. Conservation Commission,15 Conn. App. 336, 339, 544 A.2d 258 (1988)." Vicino v. Zoning Boardof Appeals, supra, 28 Conn. App. 505-506.
The same facts that support the board's finding that the proposed use would not substantially affect the comprehensive zoning plan also support the board's granting approval to this location for the repair of automobiles. While the evidence was conflicting, the record reflects that the board members adjourned the first hearing of the application so that they might view the site. Viewing the record as a whole, the court cannot hold that the board's approval of Kollman's application for approval of a certificate of location was clearly erroneous.
The appeal from the granting of the variance is sustained.
The appeal from the approval of the application for a certificate of location is dismissed.
BY THE COURT
Bruce L. Levin Judge of the Superior Court